IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>Evergreen Solar, Inc.,[1]<br><br>　　　　　　　　　　　Debtor. | Case No. 11-12590 (MFW)<br><br>Chapter 11 |
| U.S. Bank National Association, solely in its capacities as indenture trustee and collateral agent for the Senior Secured Notes and not in its individual capacity,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Massachusetts Development Finance Agency dba MassDevelopment,<br><br>　　　　　　　　　　　Defendant. | Adv. No. 13-50905 (MFW) |

**PLAINTIFF'S ANSWERING BRIEF IN OPPOSITION TO
DEFENDANT'S MOTION TO DISMISS THE COMPLAINT PURSUANT
TO FED. R. BANKR. P. 7012 AND FED. R. CIV. P. 12(b)(6)**

Dated: May 8, 2013

Ronald S. Gellert (DE 4259)
Gellert Scali Busenkell & Brown, LLC
913 North Market Street, 10th Floor
Wilmington, DE 19801
(302) 425-5800; (302) 425-5814 Fax

　　　-and-

Joseph L. Steinfeld, Jr., Esq.
Kendra K. Bader, Esq.
ASK LLP
2600 Eagan Woods Drive, Suite 400
St. Paul, Minnesota 55121
(651) 406-9665; (651) 406-9676 Fax

*Special Counsel for Plaintiff, U.S. Bank National Association, solely in its capacity as indenture trustee for the Senior Secured Notes and not in its individual capacity*

---

[1] The last four digits of the Debtor's federal tax identification number are 2254. The Debtor's mailing address is 138 Bartlett Street, Marlboro, MA 01752.

i

Table of Contents

I. NATURE AND STAGE OF THE PROCEEDINGS ............................................. 1

II. SUMMARY OF THE ARGUMENT ................................................................... 1

III. STATEMENT OF FACTS .................................................................................. 2

IV. ARGUMENT ....................................................................................................... 5

    A. Standard of Review. ................................................................................. 5

    B. At the Time of the MassDev Settlement, the Debtor Was Not the Sole Owner and Holder of the Preference Claims Alleged in the Complaint And Thus Did Not Release the Same. ....................................................... 6

V. CONCLUSION .................................................................................................... 8


## Table of Authorities

**Cases**

*Anderson News, LLC v. The News Group, Inc. (In re Anderson News, LLC)*,
2012 WL 3638785 (Bankr. D. Del. Aug. 22, 2012) ............................................................ 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................................... 5

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) ........................................................... 5

*Burtch v. Avnet, Inc. (In re Managed Storage Int'l, Inc.)*,
2012 WL 5921723 (Bankr. D. Del. Nov. 26, 2012) ............................................................ 6

*In re Amp'd Mobile, Inc.*, 404 B.R. 118 (Bankr. D. Del. 2009) ........................................... 5

*In re Fruehauf Trailer Corp.*, 250 B.R. 168 (D. Del. 2000) ................................................. 5

*Paul v. Intel Corp. (In re Intel Corp. Microprocessor Antitrust Litig.)*,
496 F. Supp. 2d 404 (D. Del. 2007) ..................................................................................... 5

**Statutes**

11 U.S.C. § 502 ............................................................................................................................ 1

11 U.S.C. § 547 ..................................................................................................................... 1, 2, 7

11 U.S.C. § 548 ............................................................................................................................ 1

11 U.S.C. § 550 ..................................................................................................................... 1, 6, 7

**Rules**

Del. Bankr. L.R. § 7007-2 ......................................................................................................... 2

Fed. R. Bankr. P. 1015 .............................................................................................................. 2

Fed. R. Bankr. P. 7012 .............................................................................................................. 4

Fed. R. Civ. P. 12(b) .............................................................................................................. 4, 5

I.      NATURE AND STAGE OF THE PROCEEDINGS

On March 14, 2013, U.S. Bank National Association, solely in its capacities as indenture trustee and collateral agent for the Senior Secured Notes and not in its individual capacity (the "Plaintiff"), initiated the above-captioned adversary proceeding (the "Adversary Proceeding") by filing a complaint (the "Complaint") against Massachusetts Development Finance Agency dba MassDevelopment (the "Defendant," and collectively with Plaintiff, the "Parties") seeking to avoid and recover no less than $1,057.404.01 in transfers (the "Transfers") pursuant to 11 U.S.C. §§ 547 and 550 and to disallow Defendant's claims pursuant to 11 U.S.C. § 502.

On April 10, 2013, Defendant filed *Massachusetts Development Finance Agency's Motion to Dismiss the Complaint Pursuant to Fed. R. Bankr.P.7012 and Fed. R. Civ. P. 12(b)(6)* (the "Motion") seeking to dismiss the Complaint in its entirety.

Plaintiff files this Answering Brief in opposition to Defendant's Motion.

II.     SUMMARY OF THE ARGUMENT

1.      Defendant alleges the Complaint should be dismissed because the preference claims against Defendant were released by Evergreen Solar, Inc. (the "Debtor") in the MassDev Settlement (as defined *infra*). Defendant's argument fails to consider the import of the Evergreen Stipulation (as defined *infra*) executed by the Debtor and Plaintiff, among others, prior to the Debtor's settlement with Defendant.

2.      Pursuant to the Evergreen Stipulation, Plaintiff acquired the preference claims for transfers equal to or greater than $60,0000.00, including the preference claims at issue in this Adversary Proceeding. As the Debtor no longer owned or held the

1

preference claims at the time of entering into the MassDev Settlement, the MassDev Agreement did not release Plaintiff's right to pursue the claims alleged in the Complaint.

3.    Accordingly, construing all facts in the light most favorable to Plaintiff, Plaintiff alleges a plausible claim for avoidance and recovery of the Transfers under § 547 and § 550.

### III.    STATEMENT OF FACTS

Pursuant to Rule 7007-2(b)(i)(E) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, Plaintiff hereby incorporates any facts recited by Defendant in its opening brief in support of the Motion to Dismiss to the extent they are not contradicted herein. The following facts are also pertinent to a determination of Defendant's Motion:

On August 15, 2011 the Debtor filed a voluntary petition for relief in the United States Bankruptcy Court for the District of Delaware (the "Court") under chapter 11 of the Bankruptcy Code. [Bankruptcy Docket No. 1 (hereinafter "Bankr. D.I. __")].

On or about February 8, 2012, the Debtor executed a *Stipulation of Settlement among Evergreen Solar, Inc., the Official Committee of Unsecured Creditors of Evergreen Solar, Inc., the Supporting Noteholders, and U.S. Bank National Association, as Indenture Trustee* (the "Evergreen Stipulation"). A true and correct copy of the Evergreen Stipulation is attached hereto as **Exhibit A**.  Pursuant to the Evergreen Stipulation, the Debtor waived and released all preference claims for transfers in the amount of $59,999.99 or less, and transferred to Plaintiff all preference claims to avoid

and recover transfers in the amount of $60,000.00 or greater (the "Non-Released Preference Actions"). Ex. A, ¶ 10.

The Debtor sought Court approval of the Evergreen Stipulation by filing the *Joint Motion of Evergreen Solar, Inc., the Official Committee of Unsecured Creditors of Evergreen Solar, Inc., the Supporting Noteholders, and U.S. Bank National Association, as Indenture Trustee for Approval of a Stipulation of Settlement* [Bankr. D.I. 724].

Defendant received notice of the Evergreen Stipulation on or about February 9, 2012. *See* Notice of Motion and Hearing and Motion filed at Bankr. D.I. 730.

Defendant did not object to the Evergreen Stipulation. *See* Certificate of No Objection to Evergreen Stipulation filed at Bankr. D.I. 775.

The Evergreen Stipulation was approved by Court Order entered on March 6, 2012 [Bankr. D.I. 784] (the "Settlement Stipulation Order"). Notice of the Settlement Stipulation Order was served on Defendant on or about March 7, 2012. [Bankr. D.I. 790]. A true and correct copy of the Affidavit of Service filed at Bankr. D.I. 790, evidencing the Settlement Stipulation Order was served on Defendant by hand delivery to its counsel of record is attached hereto as **Exhibit B**.

On March 11, 2012, the Debtor and Defendant executed the *Settlement Agreement with MassDevelopment Governing Resolution of Claims and Distribution of Proceeds from Sale of the Hackman Acquired Assets* (the "MassDev Settlement"). A true and correct copy of the MassDev Settlement, without exhibits, is attached hereto as **Exhibit C**. The MassDev Settlement contained, in part, a mutual release by and between the Debtor and MassDev of claims held against each other relating to the Devens

Agreements, as defined therein. Ex. C, ¶ 2. Plaintiff was not a signatory to the MassDev Settlement. *See* Ex. C.

On March 12, 2012, the Debtor filed the *Motion for Orders (A) Authorizing the Sale of the Hackman Acquired Assets Free and Clear of All Liens, Claims and Interests and (B) Approving a Settlement Agreement with MassDevelopment Governing Resolution of Claims and Distribution of Proceeds from Sale of the Hackman Acquired Assets* (the "Sale Motion"). [Bankr. D.I. 804]. The MassDev Settlement was incorporated in and attached to the Sale Motion as Exhibit C.

The Court approved the Sale Motion, including the MassDev Settlement, by order entered March 23, 2012 (the "Sale Order"). [Bankr. D.I. 851].

On March 14, 2013, Plaintiff filed the Complaint, alleging that, on or within 90 days of the Petition Date (the "Preference Period"), the Debtor made ten (10) transactions of an interest in its property by seven (7) check Transfers aggregating an amount of not less than $1,057,404.01 to or for the benefit of Defendant. [D.I. 1].

On April 10, 2013, Defendant filed its Motion to dismiss the Complaint pursuant to Rules 12(b)(6) and 7012 of the Federal Rules of Civil and Bankruptcy Procedure. [D.I. 5].

On April 15, 2013, the Parties filed a *Stipulation for Extension of Time to Answer or Otherwise Respond to Defendant's Motion to Dismiss the Complaint*, extending Plaintiff's deadline to answer or otherwise respond to the Motion to and including May 8, 2013. [D.I. 6].

## IV. ARGUMENT

### A. Standard of Review.

The purpose of a motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), made applicable herein by Fed. R. Bankr. P. 7012, "is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case." *Paul v. Intel Corp. (In re Intel Corp. Microprocessor Antitrust Litig.)*, 496 F. Supp. 2d 404, 407 (D. Del. 2007) (internal citations omitted).

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must allege sufficient facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Twombly*, 550 U.S. at 556. In applying the *Twombly/Iqbal* plausibility standard, a court must accept all well-pled factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *In re Amp'd Mobile, Inc.*, 404 B.R. 118, 122 (Bankr. D. Del. 2009).

The relevant record for considering a Rule 12(b)(6) motion to dismiss consists of the complaint, as well as "documents attached to or incorporated by reference into the complaint, (2) matters of public record; (3) undisputably authentic documents upon which the claims are based." *In re Fruehauf Trailer Corp.*, 250 B.R. 168, 183 (D. Del. 2000) (citations omitted). *See also*, *Anderson News, LLC v. The News Group, Inc. (In re*

*Anderson News, LLC)*, 2012 WL 3638785 at *2 n.18 (Bankr. D. Del. Aug. 22, 2012) (citing *In re Fruehauf Trailer* for the same).

As the Evergreen Stipulation and the MassDev Settlement were both filed of record in the Debtor's underlying bankruptcy case, they are properly included in a consideration of the Motion.

> **B. At the Time of the MassDev Settlement, the Debtor Was Not the Sole Owner and Holder of the Preference Claims Alleged in the Complaint And Thus Did Not Release the Same.**

"The scope of a release is determined by the intent of the parties as stated by the plain language of the contract." *Burtch v. Avnet, Inc. (In re Managed Storage Int'l, Inc.)*, 2012 WL 5921723, *7 (Bankr. D. Del. Nov. 26, 2012) (citation omitted).

In its Motion, Defendant asserts, without providing any support whatsoever, that all of the claims alleged in the Complaint were "clearly" released in the MassDev Settlement. Motion, ¶¶ 18, 19. Defendant is incorrect; the MassDev Settlement did not provide a release of the preference claims alleged in the Complaint.

The release provided for in paragraph number 2(a) of the MassDev Settlement is expressly limited to those claims which the Debtor "is the sole owner and holder . . . ." Ex. C, ¶ 4; *see also* Sale Order, ¶ 21 (limiting application of the Order "only to Hackman Acquired Assets *owned by the Debtor*")(emphasis added).[2] However, the preference claims asserted against Defendant in this Adversary Proceeding were transferred with the other Non-Released Preference Actions from the Debtor to Plaintiff pursuant to the

---

[2] Defendant also fails allege, let alone demonstrate, that the preference claims in the Complaint are related to the Devens Agreements such that they fall within the scope of the mutual release provision at paragraph no. 2 of the MassDev Settlement.

6

Evergreen Stipulation executed on February 8, 2012. *See* Ex. A. Accordingly, the Debtor was no longer "the sole longer and holder" of such preference claims at the time of entering into the MassDev Settlement more than a month later. Construing all facts and inferences in the light most favorable to Plaintiff, the MassDev Settlement does not contemplate a release of the preference claims assigned to Plaintiff, a non-signatory of the MassDev Settlement.

Further, Defendant had actual notice of the transfer of the Non-Released Preference Actions by virtue of receiving notice of the Evergreen Stipulation and the Settlement Stipulation Order, both of which occurred prior to execution of the MassDev Settlement. *See* Ex. B. Defendant did not object to the transfer of the preference claims in the Evergreen Stipulation. Nor did Defendant, armed with notice of the transfer, require that the MassDev Settlement include a release of the preference claims owned and held by Plaintiff. Plaintiff was not even a signatory to the MassDev Settlement. Thus, Defendant entered into the MassDev Settlement with notice that the preference claims had already been transferred to Plaintiff and would not be released therein by the Debtor.

As the Debtor did not own and hold the Non-Released Preference Actions at the time of the MassDev Settlement, the Debtor did not therein release Plaintiff's right to pursue the instant action against Defendant to avoid and recover preferential transfers in the aggregate amount of $1,057,404.01. The Complaint states a plausible claim for Plaintiff's avoidance and recovery of preferential transfers to Defendant.

## V. CONCLUSION

At this preliminary pleading stage, Plaintiff need only allege, not prove, a set of facts which, if proven true, would entitle Plaintiff to avoid and recover the Transfers under Bankruptcy Code sections 547 and 550. The Plaintiff has more than satisfied this pleading requirement and should be permitted to proceed to the discovery phase. The Complaint alleges sufficient facts to make it plausible that the Transfers are avoidable and recoverable by Plaintiff as transferee of this Non-Released Preference Action pursuant to the Evergreen Stipulation.

WHEREFORE, Plaintiff prays this Court deny the Motion to Dismiss the Complaint and allow the Adversary Proceeding to proceed on its merits.

Dated: May 8, 2013

| | | |
|---|---|---|
| Local Counsel | By: | /s/ *Ronald S. Gellert* |
| | | Ronald S. Gellert (DE 4259) |
| | | GELLERT SCALI BUSENKELL & BROWN, LLC |
| | | 913 North Market Street, 10th Floor |
| | | Wilmington, DE 19801 |
| | | Telephone: (302) 425-5800 |
| | | Fax: (302) 425-5814 |
| | | E-Mail: rgellert@gsbblaw.com |
| | | |
| | | and |
| | | |
| Primary Counsel (Please Contact Primary Counsel) | | Joseph L. Steinfeld, Jr., DC SBN 297101, MN SBN 0266292, VA SBN 18666 |
| | | Kendra K. Bader, MN SBN 0391229 |
| | | ASK LLP |
| | | 2600 Eagan Woods Drive, Suite 400 |
| | | St. Paul, MN  55121 |
| | | Telephone: (651) 406-9665 |
| | | Fax: (651) 406-9676 |
| | | E-Mail: kbader@askllp.com |

and

Edward E. Neiger, Esq.
ASK LLP
151 West 46th Street, 4th Floor
New York, NY  10036
Telephone: (212) 267-7342
Fax: (212) 918-3427

*Special Counsel for U.S. Bank National Association, solely in its capacity as indenture trustee for the Senior Secured Notes and not in its individual capacity*